IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JASON WILBERT JOHNSON,

      Petitioner,                    No. CIV S-09-2108 JAM EFB P

    vs.

FRANCISCO JACQUEZ, Warden,

      Respondent.               ORDER

_____/

       Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. This action proceeds on his July 30, 2009 petition. Petitioner has filed a motion to stay the case pending his exhaustion of his state remedies. *See* Dckt. No. 3. Respondent moves to dismiss this action on the grounds that the petition is time-barred and that petitioner's claims are unexhausted. *See* Dckt. No. 13. For the reasons explained below, the court finds that the instant petition is a mixed petition, and accordingly, petitioner is ordered to file either supplemental briefing demonstrating good cause for failure to exhaust all of his claims, or an amended petition containing only exhausted claims. Petitioner is further ordered to file supplemental briefing addressing whether his petition is time-barred.

////

////

## I. Procedural History

Petitioner was convicted of attempted murder and attempted carjacking. Lodg. Doc. 1. He was sentenced to thirty-two years to life in state prison. *Id.*

On October 30, 2007, the California Court of Appeal, Third Appellate District, affirmed the judgment. Lodg. Doc. 2. On February 19, 2008, the California Supreme Court denied review. Lodg. Doc. 4.

The instant petition was filed on July 30, 2009.

## II. Exhaustion of State Remedies

Respondent claims that all of the claims in the instant petition are unexhausted and therefore that the petition must be dismissed. A district court may not grant a petition for a writ of habeas corpus unless the petitioner has exhausted available state court remedies. 28 U.S.C. § 2254(b)(1).

The court may stay a mixed petition, i.e., one containing exhausted and unexhausted claims, to allow a petitioner to present unexhausted claims to the state courts. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). A court may not, however, stay a completely unexhausted petition. *Jiminez v. Rice*, 276 F.3d 476, 481 (9th Cir. 2001) (court must dismiss petition containing no exhausted claims). Stay and abeyance is appropriate when there was good cause for the petitioner's failure to exhaust his claims first in state court, his unexhausted claims are not plainly meritless, and there is no indication that he engaged in intentionally dilatory litigation tactics. *Rhines*, 544 U.S. at 277.

The instant petition contains the following claims: (1) ineffective assistance of appellate counsel;[1] (2) ineffective assistance of trial counsel: failure to investigate and failure to prove an adequate defense; (3) double jeopardy; (4) the trial court failed to instruct the jury regarding

---

[1] Petitioner states "this claim was not raised on direct appeal, however the consideration of this claim should be recognized due to the fact it could not be established until the appeal process was completed." Dckt. No. 1 at 13. Petitioner is advised that in order to be cognizable on federal habeas, this claim must be exhausted through a state habeas petition.

lesser included offenses in violation of petitioner's fourteenth and sixth amendment rights; and (5) prosecutorial misconduct.

Petitioner's double jeopardy claim was exhausted in his petition to the California Supreme Court. *See* Lodg. Doc. 3 at 18-26 (arguing that "the prosecution's use of inconsistent and irreconcilable theories at the two trials in this case compels reversal" and citing federal law). The instant petition challenges his conviction on the same grounds. *See* Pet. at 18-20.

Respondent argues that "[p]etitioner concedes that his federal claims are unexhausted . . . in response to question number thirteen of the form petition, Petitioner states 'These grounds were not previously raised due to ineffective assistance of appellate counsel.'" Dckt. No. 13 at 4. Similarly, petitioner states that the double jeopardy argument raised on direct appeal "was limited to an argument within a claim of petitioner being denied a fair trial and the due process of law" and that "appellate counsel was ineffective in failing to raise [his entire claim] on direct appeal." But pro se pleadings must be liberally construed. "A pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). It appears that petitioner mistakenly believes that because he claims that he received ineffective assistance of appellate counsel, he is excused from exhausting his claims. If petitioner understood that all of his claims needed to be exhausted before they could be heard in federal court, he would not have pled his case in this manner.

The court finds that the instant petition is mixed. Petitioner alleges that good cause exists for his failure to exhaust all of his claims because 1) some of his claims are newly discovered, and 2) he was sent to administrative segregation for five months, during which time he was denied all legal property, and 3) he suffered a broken hand which required surgery, making it extremely difficult and painful to write. Dckt. No. 3 at 7, 10. He also attests that he is not intending to delay the case and that he has been as diligent as possible. *Id.* at 10.

////

The court finds that this information is insufficient to determine whether good cause exists for petitioner's failure to exhaust. Specifically, petitioner should explain which of his claims are based on newly discovered evidence and why the evidence was not discovered sooner; why and when he was placed in administrative segregation and whether he had library access during this time period; when his hand was broken, when he had surgery, and how long he was prevented from writing because of his injury. Petitioner is cautioned that ignorance of the law and limited access to a law library are common among pro se prisoners and generally do not constitute good cause for failure to exhaust. Moreover, since the instant petition was filed in 2009, petitioner should advise the court whether his claims have now been exhausted.

Petitioner is therefore ordered to file supplemental briefing explaining why good cause exists to stay the case. Alternatively, petitioner may proceed by filing an amended petition containing only exhausted claims (regardless of when the claims were exhausted).

### III.  Statute of Limitations

Respondent also argues that the action is time-barred, as it was filed outside of the one-year statute of limitations. A one-year limitations period for seeking federal habeas relief begins to run from the latest of the date the judgment became final on direct review, the date on which a state-created impediment to filing is removed, the date the United States Supreme Court makes a new rule retroactively applicable to cases on collateral review or the date on which the factual predicate of a claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

The limitations period may also be equitably tolled where a habeas petitioner establishes two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). In light of this pronouncement, the Ninth Circuit has reiterated that the threshold necessary to trigger equitable tolling is very high, and clarified that equitable tolling only applies where a petitioner shows that despite diligently pursuing his rights, some external force *caused* the untimeliness. *Waldron-*

*Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009).

Petitioner has the burden of showing facts entitling him to equitable tolling. *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002); *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

In this case, petitioner and respondent agree that his deadline to file his federal habeas petition was May 13, 2009. The petition is dated May 13, 2009, but was not entered on the court's docket until July 30, 2009. Under the prison mailbox rule, a habeas petitioner's state and federal filings are constructively filed when turned over to prison officials for forwarding to the clerk of the court. *See Houston v. Lack*, 487 U.S. 266 (1988). Generally, the court uses the signature dates on petitions as the relevant filing dates, since the signature date is the earliest date on which Petitioner could have turned his petitions over to the prison authorities for mailing. But the May date on the petition is inconsistent with the date on Pelican Bay State Prison's outgoing legal mail log, which indicates that the petition was mailed on July 28, 2009. Thus, the court accepts July 28, 2009 as the constructive filing date.

It appears that unless petitioner is entitled to equitable tolling, his petition is time-barred.[2] Petitioner is therefore ordered to submit supplemental briefing explaining why his petition is not time-barred.

Accordingly, it is hereby ORDERED that:

1. Within 21 days of the date of this order, petitioner must file supplemental briefing demonstrating that good cause exists to stay the case. Alternatively, petitioner may elect to file an amended petition containing exhausted claims only.

////

////

---

[2] However, if the factual predicate of any of petitioner's claim could not have been discovered through the exercise of due diligence earlier, he may be entitled to a later start date of the statute of limitations as to those claims only.

1    2.  Also within 21 days of the date of this order, petitioner must file supplemental briefing
2 explain why he is entitled to equitable tolling of the statute of limitations or how his petition is
3 otherwise not time-barred.
4    3.  Respondent may file a response to petitioner's supplemental briefing within 7 days of
5 petitioner's filing.
6    4.  Failure to comply with this order will result in a recommendation that the action be
7 dismissed.
8 Dated:  July 26, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE