IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JASON WILBERT JOHNSON,

        Petitioner,                      No. CIV S-09-2108 JAM EFB P

    vs.

FRANCISCO JACQUEZ, Warden,

        Respondent.              FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. This action proceeds on his July 30, 2009 petition. Petitioner has filed a motion to stay the case pending his exhaustion of his state remedies. *See* dckt. no. 3. Respondent moves to dismiss this action on the grounds that the petition is time-barred and that petitioner's claims are unexhausted. *See* Dckt. no. 13. On July 26, 2010, the court found that the petition was mixed, and ordered the parties to file further briefing addressing whether the petition is time-barred and whether there is good cause for petitioner's failure to exhaust all of his claims.

**I.    Procedural History**

        Petitioner was convicted of attempted murder and attempted carjacking. Resp.'s Mot. to Dism., Docs. Lodged in Supp. Thereof ("Lodg. Doc.") 1. He was sentenced to thirty-two years to life in state prison. *Id.*

1

On October 30, 2007, the California Court of Appeal, Third Appellate District, affirmed the judgment. Lodg. Doc. 2. On February 19, 2008, the California Supreme Court denied review. Lodg. Doc. 4.

The instant petition was docketed on July 30, 2009.

## II.   Statute of Limitations

Respondent argues that this action is time-barred, as it was filed outside of the one-year statute of limitations. A one-year limitations period for seeking federal habeas relief begins to run from the latest of the date the judgment became final on direct review, the date on which a state-created impediment to filing is removed, the date the United States Supreme Court makes a new rule retroactively applicable to cases on collateral review or the date on which the factual predicate of a claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

The limitations period may also be equitably tolled where a habeas petitioner establishes two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). In light of this pronouncement, the Ninth Circuit has reiterated that the threshold necessary to trigger equitable tolling is very high, and clarified that equitable tolling only applies where a petitioner shows that despite diligently pursuing his rights, some external force *caused* the untimeliness. *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009). Petitioner has the burden of showing facts entitling him to equitable tolling. *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002); *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

In this case, petitioner and respondent agree that his deadline to file his federal habeas petition was May 13, 2009. As explained in the court's August 30, 2010 order, the petition was not filed until July 28, 2009. Thus, unless petitioner is entitled to at least two and a half months of equitable tolling, his petition is time-barred.

////

Petitioner argues that he is entitled to equitable tolling because: he was placed in administrative segregation from October 30, 2008 until May 5, 2009, and was without his legal materials and library access for much of this time;[1] he injured his right hand; he suffered from depression, stress, bipolar disorder and isolation and was placed in the prison's correctional clinical case management system and given medication and therapy; and he was sent to court in Placer County without his legal materials. He also alleges that his petition was further delayed because his prison requires that all petitions longer than 50 pages be approved by the senior librarian,[2] and the court returned the first petition that he filed because the prison had provided the wrong form and the court would not accept it.[3] Dckt. No. 17.

---

[1] Petitioner declares under penalty of perjury that he was denied access to all legal materials from November 2, 2008 until April 2, 2009. Dckt. No. 3 at 10.

[2] Petitioner's exhibits show that Pelican Bay State Prison regulations state:

> Legal documents copied for an inmate shall be limited to 50 pages in total length except when necessary to advance litigation. The inmate shall provide a written explanation of the need for excess document length. The explanation shall include the relevance of all attachments and exhibits to the document being filed. In no event shall staff be required to duplicate a legal document exceeding 100 pages in length in the absence of a court order directing the duplication.

Ex. H. It can be inferred that prison officials necessarily take time to review and evaluate inmates' written explanations before allowing copying of documents. The instant petition is 256 pages long.

[3] Some evidentiary support for this allegation is found in the response to one of petitioner's administrative appeals. Ex. A. The Associate Warden wrote on October 1, 2009:

> [Y]ou stated that while in the stand-alone Administrative Segregation Unit, you had gotten form 6-W, the federal habeas corpus for the Eastern District, from the Security Housing Unit Law Library, and it had been returned by the court as an outdated version. You had to fill out and resubmit the version they supplied, thereby doubling the amount of postage you had to pay. You requested to be reimbursed for that extra postage, since it was the library's fault that you had to pay the postage twice...
>
> Regarding your being given an outdated state habeas corpus form, we are surprised. Ms. McCumsey phoned the Office of the Clerk

The court finds that petitioner's placement in administrative segregation and attendant deprivation of law library access and legal materials constitutes extraordinary circumstances warranting equitable tolling. The exhibits attached to petitioner's brief show that petitioner was placed in administrative segregation on October 30, 2008. He filed administrative appeals complaining that he had not received law library access despite repeated requests, which were denied on the grounds that he did not have a pending legal case, as he had not yet filed the instant petition. His administrative appeals complain that he also was denied access to his legal papers while he was in administrative segregation. Exhibit G shows that petitioner finally received his legal papers on April 2, 2009. He was released from administrative segregation on April 30, 2009.[4] During the period that petitioner was without library access and without his legal materials, it was impossible for him to prepare a habeas petition. Petitioner has demonstrated that he was diligent during this period in pursuing administrative appeals regarding library access and his legal materials and there was nothing more he could have done. Thus, the

---

> of the Eastern District Court on September 24. The clerk checked your record and verified that you have an open case. She stated, however, that normal procedure at the court is to allow inmates considerable leeway on the forms they submit, since the court is away [sic] of the constraints under which inmates are working. She would not have expected a form to be returned to an inmate simply because there is a newer version available. Ms. McCumsey then searched the Internet, hoping to find posted on the Eastern District's website the forms they are currently using, but without success. She has requested more information from you and will continue working on this aspect of your appeal when she receives it.

*Id.* Petitioner's claim that he attempted to file the petition twice is also corroborated by Pelican Bay's outgoing mail log, which shows that he mailed three items to "Clerk of the U.S. District" in Sacramento, CA on May 20, 2009, that he received mail from the U.S. District Court on June 5 and June 17, 2009, and that he mailed two items to "U.S. Courthouse" and "Clerk, U.S. Courthouse" on July 28, 2009. Lodg. Doc. 5.

[4] Petitioner claims that he was "out to court in Placer County during this time." Respondent has submitted a log showing that petitioner was released from Pelican Bay State Prison on February 4, 2009, and returned on February 24, 2009. As this falls within the time period that petitioner was in administrative segregation, it does not warrant further equitable tolling.

court finds that petitioner is entitled to at least five months of equitable tolling (the time that he was without his legal materials) and that his petition is not time-barred.

Respondent argues that petitioner should not be granted equitable tolling because his own conduct caused him to be placed in administrative segregation. Respondent states that petitioner was placed in administrative segregation because he assaulted another inmate. Petitioner contends that he was not at fault in the incident. He has filed a civil rights lawsuit stating that correctional officers failed to protect him from violence during a race riot, and that he was forced to defend himself against another inmate. Ex. B. While the court makes no findings regarding the appropriateness of petitioner's conduct or his placement in administrative segregation, it declines to deny equitable tolling on this basis. The approach that respondent urges would require the court to determine the merits of a prisoner's placement in administrative segregation after being found guilty of an offense in an internal prison proceeding without the benefit of ordinary constitutional safeguards, or alternatively, to simply summarily deny equitable tolling in all such cases rendering the administratively segregated inmate ineligible to challenge the constitutionality of his conviction.

### III.     Exhaustion of State Remedies

The court previously found that the instant petition is mixed, that is, it contains both an exhausted claim and unexhausted claims. As explained in the court's July 26, 2010 order, a mixed petition may be stayed to allow a petitioner to present unexhausted claims to the state courts. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). Stay and abeyance is appropriate when there was good cause for the petitioner's failure to exhaust his claims first in state court, his unexhausted claims are not plainly meritless, and there is no indication that he engaged in intentionally dilatory litigation tactics. *Id.* at 277.

////

////

////

In this case, good cause exists for petitioner's failure to exhaust his claims in state court. By the time that petitioner was released from administrative segregation and given access to his legal materials, he had only about six weeks to research and write his petition.[5] It appears that by the time that the petition was complete, and the law librarian had approved and copied it,[6] petitioner was out of time to exhaust his claims in the state courts, as the deadline for filing his federal petition had passed.[7]

From the court's initial review, it does not appear that petitioner's claims are plainly meritless. Respondent has not argued that they are. Finally, petitioner has sworn that he has not engaged in intentionally dilatory litigation tactics, and there is no evidence to the contrary. Thus, the instant action should be stayed to allow petitioner to exhaust his unexhausted claims in state court.

**IV.  Conclusion**

Accordingly, it is hereby RECOMMENDED that:

1. Petitioner's motion to stay the case pending the exhaustion of his unexhausted claims be granted;

2. Petitioner be directed to file a state habeas petition containing his unexhausted claims within 30 days and be admonished that he shall inform this court within 30 days after his claims are exhausted in state court; and

---

[5] Respondent argues that petitioner had five and a half months to research and prepare his petition before he was placed in administrative segregation, apparently suggesting that petitioner should have planned for being denied legal materials and library access for nearly all of the second half of the limitations period. The court declines to attribute to the applicable standard a requirement for such clairvoyance. Under these circumstances, the petitioner cannot be faulted for not completing his petition during the initial five and a half months.

[6] Petitioner's inmate account statement shows that he paid $21.95 for "legal copy" on May 13, 2009. Ex. E.

[7] While the AEDPA statute of limitations is statutorily tolled during the time that properly filed habeas petitions are pending in state courts, once the statute has expired it cannot be revived by the filing of a state habeas petition. *Jiminez v. Rice*, 276 F.3d 476 (9th Cir. 2001).

3.  Respondent's motion to dismiss be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:   September 13, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE