IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JASON WILBERT JOHNSON,

    Petitioner,                    No. CIV S-09-2108 JAM EFB P

    vs.

FRANCISCO JACQUEZ, Warden,

    Respondent.             ORDER

_____/

    Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. On September 13, 2010, the undersigned recommended that petitioner's motion to stay the case pending the exhaustion of his unexhausted claims be granted; that petitioner be directed to file a state habeas petition containing his unexhausted claims within 30 days; and that petitioner be directed to inform the court within 30 days after his claims were exhausted in state court.

    On October 13, 2010, petitioner filed a copy of his California Superior Court habeas petition on this court's docket. On November 22, 2010, and December 27, 2010, he filed two documents requesting "an extension of equitable tolling"–which seems to suggest that he is requesting that the undersigned's findings and recommendations be adopted–and that he be sent copies of exhibits he previously filed with the court.

1

On March 2, 2010, the assigned district judge adopted the undersigned's findings and recommendations in full. Judge Mendez granted petitioner's motion to stay, and ordered petitioner to file a state habeas petition containing his unexhausted claims within 30 days, and to inform the court within 30 days after his claims had been exhausted in state court.

Also on March 2, 2011, petitioner filed a copy of a brief to the Ninth Circuit Court of Appeals, and a trust account statement, on this court's docket. On March 21, 2011, petitioner filed another trust account statement and another request for "equitable tolling" and copies of exhibits.

On March 25, 2011, petitioner filed a document requesting that the court order that he be transferred from Pelican Bay State Prison. He states that he has no access to the prison law library due to continuous lockdowns; that there is no law library technical assistant nor any law library clerks; and that he is only allowed to access the law library when he has a court deadline or is mailing out legal materials to the court. He attaches copies of internal appeals denying his request to transfer to a prison closer to his home, and documents relating to a loss of good time credits. On April 5, 2011 respondent filed a brief stating that he does not oppose petitioner's request for an extension of time to procure exhibits.

The court will send petitioner copies of his exhibits to attach to his state habeas petitions. As for petitioner's complaints regarding the adequacy of the law library at Pelican Bay state prison, if he is hindered from adequately preparing and filing his state court petition, he may show the person hindering him from doing so this court order. If he is still hindered, he may inform the court of the person or persons who are hindering him and the attendant circumstances.[1] However, petitioner's request for a transfer appears to be unrelated to this lawsuit and has he provided no basis for entry of such an extraordinary order. Therefore, the

---

[1] This action is brought under 28 U.S.C. § 2254 and seeks habeas relief. If petitioner is alleging unconstitutional conditions of confinement, the remedy is a civil action under 42 U.S.C. § 1983, not section 2254.

1  request must be denied.

2  Accordingly, it is hereby ORDERED that:

3  1. Petitioner's request for copies of his exhibits is granted. The Clerk is directed to send
4  petitioner a copy of his petition, including all attached exhibits. *See* dckt. no. 1.

5  2. Petitioner is granted forty-five days from the date of this order to file his state court
6  petition.

7  3. Petitioner's motion for transfer is denied.

8  4. The Clerk is directed to terminate docket entries 25, 26, 31 and 32.

9  Dated: June 7, 2011.

*/s/ Edmund F. Brennan*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE